IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHARLES LEROY FREEMAN, III,**

    **Plaintiff,**

    v.                                                            CASE NO. 24-3038-JWL

**INTERNAL REVENUE SERVICE, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff and Kansas prisoner Charles Leroy Freeman, III brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Winfield Correctional Facility in Winfield, Kansas and he has been granted leave to proceed in forma pauperis. The Court has conducted the statutorily required screening of the complaint and Plaintiff will be given time to file an amended complaint that cures the deficiencies identified in this order. The motion to appoint counsel (Doc. 4) will be denied without prejudice.

I. **Screening Standards**

Because Plaintiff is a prisoner, the Court is required by statute to screen his amended complaint and to dismiss it or any portion of it that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). The Court liberally construes a pro se complaint and applies "less stringent

standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)(quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, at 550 U.S. at 570).

**II. The Complaint[1]**

The complaint names as Defendants the Internal Revenue Service (IRS); IRS Commissioner Roscoe L. Eggler; IRS Director G.L. Mihlbachier; the Department of Veterans' Affairs (VA); VA Secretary Denis McDonough; and Veterans Evaluation Services employees Bruce Casewell, Sheryl A. Ebert, Michele M. Moirand, and Gerald W. Boch. Also named as

---

[1] A review of the attachments to the complaint reveals that some of the documents therein include Plaintiff's social security number and other financial information that Plaintiff may not wish to be publicly available. Out of an abundance of caution, the Court therefore restricted access to the attachments. Plaintiff should ensure in future filings that all such personal information is redacted before he submits it for filing, as the Court does not routinely screen for this type of information. In other words, Plaintiff submits such personal information in the future at his own risk.

Defendants are the Kansas Department of Corrections (KDOC); KDOC Secretary of Corrections Jeff Zmuda; KDOC Central Inmate Banking Business Manager Melissa Brooke; and Wayne Bollig, Program Director at the Kansas Commission on Veterans Affairs. Plaintiff further names as Defendants attorneys Kendal M. McVay, H. Kent Hollins, and "H.K.H.,"[2] as well as the law firm of Hollins and McVay, P.A.; attorney Martin D. Geeding and Geeding Law Offices; Rental Exchange System, Inc. (RES); RES President and CEO Alfred L. Redburn, III; the Shawnee County Department of Corrections (SCDOC), doing business as Shawnee County Jail (SCJ); and SCJ Director B. Cole.  (Doc. 1, p. 1-2, 6-8.) All Defendants are sued in their professional and personal capacities. *Id.* at 8.

The factual background for the complaint is broad and difficult to follow. It appears, however, that Plaintiff's claims generally center around four factual scenarios: (1) the IRS' alleged failure to deliver to Plaintiff two federal economic impact payments (EIPs), also known as stimulus payments, in the total amount of $1,800.00; (2) the KDOC's failure to provide a constitutionally adequate law library at Winfield Correctional Facility; (3) the illegal garnishment of Plaintiff's inmate account, including an EIP and VA disability benefits; and (4)  the VA erroneously suspended Plaintiff's VA disability benefit payments. *Id.* at 9-15, 17-20.

As Count I, Plaintiff asserts that various Defendants violated the Takings Clause of the Fifth Amendment to the United States Constitution. *Id.* at 3. In the portion of the form complaint for setting forth the supporting facts for Count I, Plaintiff has written only "See Attached Defendants List." *Id.* As Count II, Plaintiff asserts that various Defendants violated the Due Process and Equal Protections Clauses of the Fourteenth Amendment. *Id.* In the portion of the form for setting forth the supporting facts for Count II, Plaintiff has written only "See Attached."

---

[2] It is not clear from the complaint whether "H.K.H, attorney at law" and "H. Kent Hollins" are the same person or separate individuals. (*See* Doc. 1, p. 7, 10-11.)

*Id.* As Count III, Plaintiff asserts the violation of the Universal Declaration of Human Rights' provision that states no one shall be arbitrarily deprived of his property. *Id.* at 4. As supporting facts for Count III, Plaintiff again directs the Court to "See Attached." *Id.* The attachments do not clearly identify which facts support which count.

Similarly, in the portion of the form complaint for identifying the relief to which Plaintiff believes he is entitled, he has written only "See Attached." *Id.* at 5. In various places in the attached pages, Plaintiff requests: an order directing the IRS to investigate the processing of his stimulus payments, prosecute certain individuals, and deliver to Plaintiff $1,800.00 plus interest; an order directing the VA to investigate non-party Debra J. Espinoza, recover any of Plaintiff's VA benefits she improperly kept in her role as payee, and prosecute her along with other Defendants in this matter; punitive damages from multiple Defendants; and restitution from various parties for amounts garnished. *Id.* at 15-16, 22-27. He also asks for "a declaration that the acts and omissions described [in the complaint] violated [his] right[s] under the Constitution and laws of the United States," compensatory damages, and reimbursement of costs.[3] *Id.* at 28.

### III. Discussion

#### A. Joinder of Claims and Parties

After carefully reviewing the complaint, the Court concludes that it does not comply with the rules on joining defendants and claims in a single action. Thus, some or all of the claims in the complaint are subject to dismissal. Federal Rule of Civil Procedure[4] 20(a)(2) governs permissive joinder of defendants and pertinently provides:

---

[3] Plaintiff also refers in his attached pages to informing Defendant Redburn and Geeding that "their company and person is being named with criminal intent to commit theft of Federal V.A. Benefits." (Doc. 1, p. 20.) To the extent that Plaintiff seeks to bring criminal charges in this lawsuit, such relief is unavailable. This Court cannot order the criminal prosecution of an individual or entity. "[S]uch an order would improperly intrude upon the separation of powers." *See Presley v. Presley*, 102 Fed. Appx. 636, 636 (10th Cir. 2004) (unpublished).
[4] The Federal Rules of Civil Procedure apply to suits brought by prisoners. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  Pro se litigants must "follow the same rules of procedure that govern other litigants." See *Kay v. Bemis*,

> (2) Defendants. Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Rule 18(a) governs joinder of claims and pertinently provides: "A party asserting a claim . . . may join . . . as many claims as it has against an opposing party."

While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted). The Court of Appeals for the Seventh Circuit has explained that under "the controlling principle" in Rule 18(a), "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). In other words, under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits." *Id.*

In sum, under Rule 18(a), Plaintiff may bring multiple claims against a single defendant. Under Rule 20(a)(2), he may join in one action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of law or fact. He may not bring multiple claims against multiple defendants unless the prescribed connection in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action.

It is not clear from the complaint that Plaintiff's multiple claims involve all named Defendants or that his claims against all Defendants arise from the same transaction or occurrence and involve common questions of law or fact. Plaintiff raises claims involving the management

---

500 F.3d 1214, 1218 (10th Cir. 2007); *McNeil v. United States*, 508 U.S. 106, 113 (1993)(federal rules apply to all litigants, including prisoners lacking access to counsel).

and garnishment of his inmate account, the propriety of the VA suspending his benefits, and the sufficiency of the law library at Winfield Correctional Facility. Varying Defendants are alleged to be involved in the different violations. Thus, the complaint appears to violate both Rule 18(a) and 20(a)(2). Plaintiff is therefore required to file an amended complaint stating (1) only those claims that arise against a single defendant or, if he wishes to name multiple defendants, (2) stating only those claims that arise from the same transaction or occurrence and have common questions of fact or law.

Put another way, Plaintiff should set forth in the amended complaint the occurrence or occurrences he will pursue in accordance with Rules 18 and 20, and he should limit his facts and allegations to properly joined defendants and occurrences. Alternatively, Plaintiff must allege facts in his complaint showing that all counts arise out of the same transaction, occurrence, or series of transactions or occurrences; and that a question of law or fact common to all defendants will arise in this action. If Plaintiff fails to timely file an amended complaint that complies with the joinder rules described herein, the Court may dismiss misjoined parties or sever misjoined claims without further prior notice to Plaintiff.

Although the lack of compliance with Rules 18 and 20 is enough by itself to require an amended complaint, the Court will highlight other deficiencies in the complaint so that Plaintiff may be aware of them when drafting his amended complaint.

### B.  Use of Required, Court-Approved Form

Plaintiff must utilize the required court-approved form for more than referring the Court to attached documents. The Court requires the use of these forms to allow it to readily determine the nature of a plaintiff's claims and the facts supporting each claim. Put another way, the court-approved form helps the Court to identify the particular claims by providing specific places for a

plaintiff to identify each individual count and the facts that support it. The Court cannot make this determination from the materials submitted by Plaintiff in this matter. Although Plaintiff has attached multiple pages to the complaint, he appears to organize his claims by Defendant rather than by constitutional violation. Even liberally construing the complaint and the attachments to the complaint, the precise claims Plaintiff intends to assert remain unclear.[5] On the form, Plaintiff points the Court to the attachments, but nowhere in the attachments has Plaintiff clearly set forth a Count I, Count II, Count III, or any other Count.

Plaintiff is therefore advised that if he chooses to submit an amended complaint in this matter, he may attach additional pages as necessary, but he should not use the required form merely to direct the Court to those attachments. Rather, he must provide the information requested on the form in the spaces designated for that information and clearly label any additional relevant information in the attachments so that the Court can determine which facts support Count I, Count II, Count III, etc. Legal claims that are not designated as Counts may not be considered as a basis for any request for relief.

### C. Defendants

#### i. Identification of Defendants

The manner in which Plaintiff has identified the Defendants in the complaint leaves unclear who exactly Plaintiff intends to name as a Defendant. For example, in the space on the form for

---

[5] In addition to the violations alleged in Count I (violation of the Takings Clause), Count II (violation of the Fourteenth Amendment's guarantees of due process and equal protection), and Count III (violation of the Universal Declaration of Human Rights), Plaintiff also alleges at other points in his attached documents that he believes Defendants have engaged in libel and slander. (Doc. 1, p. 29, 40, 42, 47, 56, 59.) He also alleges that he was the victim of "grand larceny," *id.* at 43; he "requests reconsideration on the notice of overpayment" sent to his VA benefits payee, *id.* at 58; he cites the federal criminal statutes on wire fraud, theft of government funds, and conspiracy to defraud the United States, *id.* at 33, 38, 44-45, 49, 55-56; he cites the Electronic Funds Transfer Act, *id.* at 39; he cites Kansas' criminal statute on receiving stolen property, *id.* at 35, 55, and its statute regarding the cost of medical treatment for prisoners, *id.* at 46; he alleges a violation of his substantive due process rights, *id.* at 41, and other unidentified "fundamental rights," *id.* at 42; and he makes other claims that he may or may not intend to be a basis for relief.

Plaintiff to provide information about the first defendant, he writes "Defendant Internal Revenue Service et al is a citizen of 515 South Kansas Avenue, Topeka, KS 66603, and is employed as Roscoe L. Eggler. [*sic*]" (Doc. 1, p. 1.) In the attached pages[6], Plaintiff names as "Defendant 1: Internal Revenue Service, Roscoe L. Egger, Jr. Commissioner of the Internal Revenue Service, G.L. Mihlbachier, Director of the Internal Revenue Service, 515 South Kansas Ave, Topeka, Kansas 66603. [*sic*]" *Id.* at 6. Even liberally construing the complaint and attachments, it is not clear whether Plaintiff intends to name the IRS, Egger, Mihlbachier, or some combination thereof as a Defendant. (*See* Doc. 1, p. 1.) If Plaintiff chooses to file an amended complaint in this matter, he must identify each Defendant individually in a manner that makes clear the intended Defendants' identities.

### ii. Shawnee County Department of Corrections, doing business as Shawnee County Jail

To the extent that any claim in this action is brought against the Shawnee County Jail, that claim is subject to dismissal because the Shawnee County Jail is not suable under § 1983. The United States Supreme Court has explained that prison and jail facilities are not proper defendants because none is a "person" subject to suit for money damages under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, 71 (1989) (neither state nor state agency is a "person" which can be sued under Section 1983); *Davis v. Bruce*, 215 F.R.D. 612, 618 (D. Kan. 2003), *aff'd in relevant part*, 129 Fed. Appx. 406, 408 (10th Cir. 2005).

Relatedly, to impose § 1983 liability on the county and its officials for acts taken by its employee, Plaintiff must show that the employee committed a constitutional violation and that a county policy or custom was "the moving force" behind the constitutional violation. *See Myers v.*

---

[6] It is appropriate for Plaintiff to attach pages to identify additional defendants.

*Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998) (citing *Monell v. Department of Social Services*, 436 U.S. 658, 695 (1978)). Although the complaint appears to name Shawnee County Department of Corrections as a Defendant, it does not identify a county policy or custom that was the moving force behind any of the alleged constitutional violations. Thus, Shawnee County Department of Corrections, doing business as Shawnee County Jail, is subject to dismissal from this action.

### iii. Eleventh Amendment Immunity

The Eleventh Amendment presents a jurisdictional bar to suits against a state and "arms of the state" unless the state waives its immunity. *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (quoting *Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009)). Therefore, in the absence of some consent, a suit in which an agent or department of the state is names as a defendant is "proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). It is well established that Congress did not abrogate the states' sovereign immunity when it enacted § 1983. *Quern v. Jordan*, 440 U.S. 332, 338-45 (1979); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002). Thus, to the extent that Plaintiff seeks money damages from the KDOC or any other arm of the state, such claims will be dismissed as barred by the Eleventh Amendment.

### D. Failure to State a Plausible Claim for Relief

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West*, 487 U.S. at 48 (citations omitted). The "under color of state law" requirement is a "jurisdictional requisite for a § 1983 action." *Id.* at 42; *Polk County v. Dodson*, 454 U.S. 312 (1981).A defendant acts "under color of state law"

9

when he "exercise[s] power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West*, 487 U.S. at 49 (citations omitted).

### i.  Count III

As Count III, Plaintiff alleges the violation of Article 17(2) of the Universal Declaration of Human Rights. (Doc. 1, p. 4.) "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States." *West*, 487 U.S. at 48. "[T]he Universal Declaration of Human Rights is merely a resolution of the United Nations and, as such, is simply [a] multination declaration[] that is not binding on the United States or on this court." *Ridley v. Brownback*, 2018 WL 6590101, *5 (D. Kan. Dec. 14, 2018) (internal quotation marks omitted) (unpublished) (quoting *Chen v. Ashcroft*, 85 F. Appx. 700, 704 (10th Cir. 2004)). In other words, "despite the 'moral authority' of the Universal Declaration of Human Rights, it does not . . . provide a basis for [a] § 1983 claim." *Dartez v. Peters*, 2017 WL 2774670, *6 (D. Kan. June 27, 2017) (unpublished) (citing *Medina v. Pataki*, 2007 WL 1593029, *at 8-9 (N.D. N.Y. 2007), and *Chinloy v. Seabrook*, 2014 WL 1343023, at *4 (E.D. N.Y. 2014)). Thus, Count III is subject to dismissal for failure to state a plausible claim for relief under § 1983.

### ii.  The Suspension of VA Benefits

To the extent that Plaintiff intends to ask this Court to review the suspension of his VA benefits, this Court lacks jurisdiction over such claims. *See Weaver v. United States*, 98 F.3d 518 (10th Cir. 1996) ("Federal law provides that [decisions by the VA on veteran disability benefits] are unreviewable in the federal courts."); *Draughon v. U.S.*, 103 F. Supp. 1266, 1278 (D. Kan. 2015) ("[T]his Court lacks subject matter jurisdiction over any benefit claim [that] has already been decided by the VA."); 38 U.S.C. § 511. Thus, any claim regarding the propriety of the suspension of Plaintiff's VA benefits is subject to dismissal for lack of jurisdiction.

### iii. The Federal Defendants

Plaintiff has failed to state a plausible claim for relief under § 1983 against the Internal Revenue Service (IRS); IRS Commissioner Egger, Jr.; IRS Director Mihlbachier; the Department of Veterans Affairs (VA); and Secretary of the VA McDonough, referred to collectively as the Federal Defendants. The IRS and the VA, despite maintaining local offices, are federal agencies that exercise power possessed by virtue of *federal* law. Thus, they are not state actors and do not act under color of state law. This means that Plaintiff has not stated a plausible § 1983 claim against the IRS or the VA. The same rationale applies to Defendants Egger, Mihlbachier, McDonough, and Bollig—to the extent that Plaintiff's claims are based upon actions taken in their roles as federal officials, Plaintiff has failed to show they were acting under color of state law. Thus, all of the Federal Defendants are subject to dismissal from this action.

### iv. The Attorney Defendants, the Law Firm Defendants, RES, and Redburn

Similarly, Plaintiff has failed to state a plausible claim for relief under § 1983 against RES and RES President and CEO Redburn; Attorneys McVay, Hollins, and Geeding; and their respective law firms because he has failed to sufficiently show that they were acting under color of state law. All of the claims against these Defendants appear to be based on allegations that they were involved in pursuing garnishment proceedings against Plaintiff. But utilizing state-court proceedings to garnish Plaintiff's inmate account is not the same as "acting under color of state law." Thus, Plaintiff has failed to state a plausible claim against these Defendants and they are subject to dismissal from this action.

### v. Personal Participation Requirement

This action is subject to dismissal as against Defendants Cole, Bollig, Casewell, Ebert, Moirand, and Boch because the complaint does not sufficiently allege their personal participation

11

in the violation of Plaintiff's constitutional rights. An essential element of a civil rights claim under § 1983 against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). "[V]icarious liability is inapplicable to . . . § 1983 suits, [so] a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

A viable § 1983 claim must establish that each defendant caused a violation of Plaintiff's constitutional rights. *See Walker v. Johiuddin*, 947 F.3d 124, 1249 (10th Cir. 2020) (quoting *Pahls v. Thomas*, 718 F.3d 1210, 1228 (10th Cir. 2013)). As a result, Plaintiff must not only name each defendant in the caption of the complaint, he must do so again in the body of the complaint and include in the body a description of the acts taken by each defendant that violated Plaintiff's federal constitutional rights.

Plaintiff's complaint and attachments frequently use general and collective terms such as "Defendants" but does not attribute specific acts or omissions to Defendants Bollig, Cole, Casewell, Ebert, Moirand, or Boch, making it "impossible for any of these individuals" as well as the Court "to ascertain what particular unconstitutional acts" each is alleged to have committed. *See Robbins*, 519 F.3d at 1250. To the extent that the complaint can be liberally construed to allege liability based upon a failure to respond to Plaintiff's letters or inquiries, Plaintiff should be aware that the allegation that an official denied or failed to respond to a grievance is not enough to show the personal participation required to state a plausible claim under § 1983. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009). In short, Plaintiff fails to clearly "isolate the

allegedly unconstitutional acts of each defendant." *See Twombly*, 550 U.S. at 565 n. 10. Thus, any claims against these Defendants are subject to dismissal.

### E. Relief Requested

As noted above, any claim in this action against the KDOC that seeks money damages is subject to dismissal because the State of Kansas and its agencies, such as the KDOC, are absolutely immune to suit for money damages under the Eleventh Amendment. The Eleventh Amendment does not prevent suits against individual defendants in their official capacity for injunctive or declaratory relief, however, or against state officials in their individual capacities. *See Will*, 491 U.S. at 71. In this matter, Plaintiff asserts that he is suing each Defendant in both their professional and personal capacities. Plaintiff is advised that all claims for money damages against any state official in his or her official capacity will be subject to dismissal.

## IV. Amended Complaint Required

As explained above, the complaint now before the Court contains multiple deficiencies. Thus, Plaintiff will be granted the opportunity to file a complete and proper amended complaint upon court-approved forms that cures these deficiencies. To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. The amended complaint is not simply a supplement to the original complaint; instead it completely replaces the original complaint. Therefore, any claims or allegations not included in the amended complaint will no longer be before the Court. In other words, Plaintiff may not simply refer in the amended complaint to his earlier complaint. The amended complaint must contain all allegations and claims that Plaintiff intends to pursue in the action, including those to be retained from the original complaint.

Plaintiff must write the number of this case (24-3038-JWL) at the top of the first page of

the amended complaint and must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff must also refer to each defendant again in the body of the amended complaint, where Plaintiff must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Although Plaintiff may attach additional pages to the form complaint if necessary, he should not use the form merely to refer the Court to attached pages. If Plaintiff does not file within the prescribed time an amended complaint that cures the deficiencies discussed herein, this matter or portions of it may be dismissed without further prior notice to Plaintiff.

## V.     Motion for Appointment of Counsel (Doc. 4.)

Plaintiff has filed a motion for appointment of counsel, pointing out that he is unable to afford to retain counsel, that his imprisonment will greatly limit his ability to litigate the complex issues in this action, and having counsel will greatly assist Plaintiff if this matter goes to trial. (Doc. 4, p. 1-2.)

There is no constitutional right to appointment of counsel in a civil case. *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

The Court has considered "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115. It concludes that (1) it is not clear at this juncture that plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not yet clarified and may not be complex; and (3) plaintiff appears capable of adequately presenting facts and arguments as required for this initial screening phase of the case. Thus, the Court will deny the motion without prejudice to refiling if the material circumstances change.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **April 19, 2024,** in which to file a complete and proper amended complaint that cures the deficiencies discussed herein. The Clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS FURTHER ORDERED** that the motion for appointment of counsel (Doc. 4) is **denied without prejudice**.

**IT IS SO ORDERED**.

**Dated March 19, 2024, in Kansas City, Kansas.**

S/ John W. Lungstrum  
JOHN W. LUNGSTRUM  
UNITED STATES DISTRICT JUDGE