IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHARLES LEROY FREEMAN, III,

        **Plaintiff,**

v.                                                                                        CASE NO. 24-3038-JWL

INTERNAL REVENUE SERVICE, et al.,

        **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff and Kansas prisoner Charles Leroy Freeman, III brings this pro se civil rights action pursuant to 42 U.S.C. § 1983. He is in custody at Winfield Correctional facility (WCF) and has been granted leave to proceed in forma pauperis. (Doc. 5.) This matter comes before the Court on Plaintiff's amended complaint, filed April 12, 2024. (Doc. 7.) The Court has conducted the statutorily required screening of the amended complaint and, for the reasons explained below, will allow Plaintiff a final opportunity to submit a complaint that complies with the governing rules.

**I.   History**

Plaintiff filed his original complaint in this matter on March 15, 2024. (Doc. 1.) Including all attachments, Plaintiff's initial submission consisted of 203 pages of documents. Because Plaintiff is a prisoner, the Court is required by statute to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). During this screening, the Court liberally construes the pro se amended complaint and holds it to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in

the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

The screening standards are set forth in the Court's previous order. (Doc. 6, p. 1-2.) When the Court screened the complaint, it found that the facts alleged therein were "broad and difficult to follow" and Plaintiff's claims were unclear. *Id.* at 3-4, 6-7. Thus, on March 19, 2024, the Court issued a Memorandum and Order (M&O) identifying the following deficiencies: (1) failing to comply with the rules on joining defendants and claims in a single action; (2) failing to properly utilize the required court-approved form; (3) failing to clearly identify Defendants and the legal basis for the claims being asserted; (4) naming improper or immune Defendants; (5) failing to state a plausible claim for relief; and (6) seeking relief not available in this action. (Doc. 6, 4-13.) The Court granted Plaintiff time in which to file a complete and proper amended complaint curing the deficiencies. *Id.* at 14. Plaintiff timely filed an amended complaint (Doc. 7), which is now before the Court for the statutorily required screening.

**II.    Discussion**

The amended complaint and attachments thereto consist of 226 pages of documents. The Court assures Plaintiff that it has read and considered each page carefully, although it will not relate the contents of those pages in great detail in this order. As with the initial complaint, the amended complaint and the attachments thereto contain wide-ranging factual allegations and legal argument, but leave unclear the precise nature of Plaintiff's claims.

On the required court-approved complaint form, there are clearly designated spaces for articulating three counts. (Doc. 7, p. 3-4.) Plaintiff has utilized two of these spaces and left the

third blank. *Id.* Count I alleges a violation of the Takings Clause of the Fifth Amendment to the United States Constitution, based on the allegation that "Defendants allowed garnishments of V.A. disability payments and garnishment of stimulus payment knowing they were [in] violation of the Plaintiff's constitutional rights." *Id.* at 3. Count II alleges a violation of Plaintiff's rights under the Fourteenth Amendment based on the allegation that "Defendants did not follow garnishment policy just gave the benefits to the attorneys." *Id.* In the remainder of the amended complaint and its attachments, however, Plaintiff refers to negligence, negligent supervision, conspiracy, fraud, slander, the violation of various state statutes, "Title VII," and the erroneous suspension of Plaintiff's VA benefits.

The M&O informed Plaintiff that one of the deficiencies in the initial complaint was a lack of clarity regarding the specific claims he intended to bring and the Defendants implicated in each specific claim. (Doc. 6, p. 6-7 & n.5.) The amended complaint suffers the same problem. For example, the amended complaint alleges that Defendant Bollig, who is Program Director at the Kansas Commission on Veterans Affairs, violated Plaintiff's constitutional rights "when his office stop[p]ed the plaintiff's V.A. disability benefits without due process of law." (Doc. 7, p. 25.) But the only two counts articulated in the amended complaint are based on the garnishment of Plaintiff's inmate account, not whether Plaintiff received due process before his veteran disability benefits were suspended. *Id.* at 3-4. This is but one example of the ways in which the amended complaint leaves unclear the claims Plaintiff intends to assert.

Rule 8 of the Federal Rules of Civil Procedure[1] requires that a complaint "contain . . . a short and plain statement of the claim showing that [the plaintiff] is entitled to relief." The purpose

---

[1] The Federal Rules of Civil Procedure apply to suits brought by prisoners. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Pro se litigants must "follow the same rules of procedure that govern other litigants." See *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal rules apply to all litigants, including prisoners lacking access to counsel).

of Rule 8 "is 'to give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief.'" *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1998) (quoting *Perington Wholesale, Inc. v. Burger King Corp.*, 631 F.2d 1369, 1371 (10th Cir. 1979)). Even liberally construing the pro se amended complaint, the Court cannot determine the precise nature claims alleged therein, so the amended complaint would not give opposing parties fair notice of the basis of the claim or claims against them.

When a plaintiff fails to comply with Rule 8, this Court is authorized to dismiss the complaint. *See Nasious* v. *Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 n.3 (10th Cir. 2007); *Chavez v. Huerfano County*, 195 Fed. Appx. 728, 730 (10th Cir. 2006) (unpublished) (affirming dismissal without prejudice for violation of Rule 8 and stating that "[i]t is not the role of the court to sort through a lengthy complaint to construct the plaintiff's case"); *Triplett v. U.S. Dept. of Defense*, 2011 WL 1113551 (D. Kan. March 24, 2011) (unpublished). Rather than immediately imposing such a harsh consequence, however, the Court will allow Plaintiff a final opportunity to clearly set forth his claims in this matter.

Plaintiff must utilize the required court-approved form to submit a second amended complaint and he must provide the information requested therein. The Court requires the use of these forms so that it can readily determine the nature of a plaintiff's claims and the facts supporting each claim. Put another way, the court-approved form helps the Court to identify the particular claims by providing specific places for a plaintiff to identify each individual defendant, each count, and the facts that support each count. The Court cannot make this determination from the amended complaint now before it.

4

Plaintiff must follow the directions on the court-approved form, including the instruction to provide a statement of supporting facts for each claim "without citing legal authority or argument" for which he "may attach up to two additional pages." (*See* Doc. 7, p. 3.) Although the Court appreciates Plaintiff's desire to set out all of the factual allegations and supporting legal authority for his claims, Plaintiff must comply with Rule 8. "Rule 8 does not require Plaintiff[] to state precisely each element of [his] claims or describe every fact with specific detail, but it does require [Plaintiff] to set forth sufficient factual allegations on which a recognized legal claim could be based." *McCollum v. Harrison,* 2022 WL 4227317, *3 (D. Kan. Aug. 17, 2022) (citation omitted) (unpublished report and recommendation), *adopted at* 2022 WL 4182333 (D. Kan. Sept. 13, 2022). As the Tenth Circuit has explained, "a complaint must explain what each defendant did to [the plaintiff]; when the defendant did it; [and] how the defendant's action harmed [the plaintiff]." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (describing how to provide the "short and plain statement" required by Rule 8).

That being said, the second amended complaint is not simply a supplement to an earlier complaint; instead, it completely replaces all previous complaints. Therefore, any claims or allegations not included in the second amended complaint will no longer be before the Court for purposes of this initial screening phase of this case. In other words, Plaintiff may not simply refer in the second amended complaint to either his initial complaint or his amended complaint. The second amended complaint must contain all allegations and claims that Plaintiff intends to pursue in the action, including those to be retained from the earlier complaints.

Plaintiff must write the number of this case (24-3038-JWL) at the top of the first page of the second amended complaint and he must name every defendant in the caption of the second amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff is reminded that Defendants Egger,

Mihlbachier, and McDonough are not proper Defendants to a § 1983 claim[2] because they are federal actors and thus do not act under color of state law, which "is a 'jurisdictional requisite for a § 1983 action.'" (*See* Doc. 6, p. 9, 11.) Similarly, the M&O explained that Defendants McVay, Hollins, Geeding, and Redburn did not act under color of state law when they participated in state-court actions that led to the garnishment of Plaintiff's inmate account. (*See* Doc. 6, p. 11 ("[U]tilizing state-court proceedings to garnish Plaintiff's inmate account is not the same as 'acting under color of state law.'").)

In the amended complaint, Plaintiff asserts that these Defendants acted under color of state law because they were only able to garnish his account because of state-court orders. (Doc. 7, p. 7-9.) The Tenth Circuit has long held that "a private litigant's use of state court proceedings to obtain an . . . order does not satisfy the color of law requirement of § 1983." *Yanaki v. Iomed, Inc.*, 415 F.3d 1204, 1208 (10th Cir. 2005) (citing *Torres v. First State Bank of Sierra Cnty.*, 588 F.2d 1322, 1325-27 (10th Cir. 1978)). On the information in the amended complaint, Defendants McVay, Hollins, Geeding, and Redburn are not proper defendants to a § 1983 action.

Plaintiff must also refer to each defendant again in the body of the second amended complaint, where Plaintiff must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. As pointed out in the M&O, the use of

---

[2] To the extent that Plaintiff wishes to bring claims against federal officials for unconstitutional acts taken under color of federal law, the appropriate procedural avenue is to bring them under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971). Plaintiff is cautioned, however, that causes of action under *Bivens* are only available in limited circumstances. *See Silva v. United States*, 45 F.4th 1134, 1137-41 (10th Cir. 2022) (explaining history and current state of caselaw regarding *Bivens* actions); *see also F.D.I.C. v. Meyer*, 510 U.S. 471, 473 (1994) (*Bivens* claims cannot be brought directly against a federal agency such as the IRS); *Lucarelli v. Mallia*, 2021 WL 11114485, *2-4 (M.D. Pa. Nov. 3, 2021) (unpublished) (analyzing whether to expand *Bivens* to imply a cause of action for the summary suspension of VA disability benefit payments without due process and concluding such expansion is not permissible under current caselaw); *Thacher v. Internal Revenue Serv.*, 2023 WL 143230, *1 (D. Kan. Jan. 10, 2023) (unpublished) (citing *Byers v. Rettig*, 2022 WL 3205184, at *2 (W.D. N.C. Aug. 6, 2022) (where plaintiff alleged IRS failed to provide him with stimulus payments, court found no *Bivens* cause of action)) and *2 (collecting cases that hold that the statutory deadlines for disbursing stimulus payment have now passed, so reissuance of payment is not relief that can be granted). If Plaintiff wishes to pursue a *Bivens* action, the required forms are available at no charge upon request from the Clerk's office.

"general and collective terms such as 'Defendants' [without] attribut[ing] specific acts or omissions to" specific defendants is discouraged because it may "mak[e] it 'impossible for any of these individuals' as well as the Court 'to ascertain what particular unconstitutional acts' each is alleged to have committed." (Doc. 6, p. 12.) Thus, Plaintiff must ensure that his second amended complaint clearly states the specific acts by specific defendants on which he bases his claims. Although Plaintiff may attach additional pages to the form complaint if necessary, he should limit himself to necessary additions and organize additional pages in a way that allows for the Court and opposing parties to understand the claims being made.

Finally, the Court again cautions Plaintiff that conclusory statements without specific supporting facts are not sufficient to state a plausible claim for relief. (Doc. 6, p. 2.) In the M&O, the Court explained that in a § 1983 action, vicarious liability does not apply. *Id.* at 12. Thus, "'[P]laintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). "'[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation.'" *Id.* (quoting *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008)). Plaintiff repeatedly asserts in the amended complaint that "each government-official Defendant, through the official's own individual actions, has violated the Constitution." (Doc. 7, p. 9-10.)

The Tenth Circuit has recognized that

> [a] supervisor may be liable for the actions of other officers if an 'affirmative link' exists between the supervisor's personal participation, his exercise of control or direction, or his failure to supervise, and the constitutional deprivation. *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). The supervisor must have more than abstract authority over his subordinates to be found liable. *Jenkins v. Wood*, 81 F.3d 988, 994-95 (10th Cir. 1996). And the supervisor must have set into motion a series of events that he "knew or reasonably should have known would cause others to deprive the plaintiff of [his or her] constitutional rights." *Estate of Booker*

7

*v. Gomez*, 745 F.3d 405, 435 (10th Cir. 2014) (quoting *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 768 (10th Cir. 2013)).

*Arnold v. City of Olathe, Kan.*, 35 F.4th 778, 793 (10th Cir. 2022).

To the extent that Plaintiff intends to assert that certain Defendants are liable under § 1983 due to their failure to supervise, control, or direct an employee, he is advised that he must allege specific facts showing the affirmative link. In the amended complaint, for example, Plaintiff alleges that "Defendant Jeff Zmuda was negligent in his supervision of [Defendant Brooke], negligent supervision includes not only the failure to supervise but also the failure to control [a] person with whom the Defendant has a special relationship,[] including the Defendant['s employees]." (Doc. 7, p. 11.) This does not sufficiently identify the required affirmative link. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations and internal quotation marks omitted).

### III. Conclusion

As set forth above, the amended complaint, like the initial complaint, fails to clearly set forth the claims Plaintiff wishes to raise in this matter. Because Plaintiff is pro se, the Court liberally construes his pleadings. But the Court will not construct arguments for Plaintiff, nor will it act as his advocate. The 226 pages submitted as the amended complaint and attachments thereto, even liberally construed, fail to comply with Rule 8's requirement that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). Plaintiff will be granted a final opportunity to file a complaint that complies with Rule 8 and the other requirements set forth in the Court's previous order.

**IT IS THEREFORE ORDERED** that Plaintiff is granted until and including May 22, 2024 in which to file a complete and proper second amended complaint that complies with Rule 8

and cures the deficiencies identified by this Court. If Plaintiff fails to timely file a second amended complaint that does so, this matter will be dismissed without prejudice without further prior notice to Plaintiff. The clerk is directed to send the required form to Plaintiff.

**IT IS SO ORDERED.**

DATED:  This 22nd day of April, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge
